
**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>SUZANNE MEREDITH BROWN,<br>　　　　　　　Debtor. | BAP Nos.　CC-25-1234-LSG<br>CC-25-1237-LSG<br>CC-25-1240-LSG |
| SUZANNE MEREDITH BROWN,<br>　　　　　　　Appellant,<br><br>v.<br><br>ROD DANIELSON, Esquire, Chapter 13<br>Trustee; THOUSAND TRAILS, INC., dba<br>Idyllwild RV Resort; UST- UNITED<br>STATES TRUSTEE, RIVERSIDE,<br>　　　　　　　Appellees. | Bk. No. 6:25-bk-16972-SY<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Scott Ho Yun, Bankruptcy Judge, Presiding

Before: LAFFERTY, SPRAKER, and GAN, Bankruptcy Judges.

### INTRODUCTION

Suzanne Meredith Brown ("Debtor") appeals the bankruptcy court's

orders: (i) granting appellee Thousand Trails, Inc. ("Thousand Trails")

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

relief from the automatic stay under § 362(d)(1);[1] (ii) dismissing Debtor's case under § 1307(c); and (iii) overruling Debtor's objection to Thousand Trails' claim as moot.

After Debtor filed a chapter 13 case, Thousand Trails sought relief from the automatic stay to pursue an unlawful detainer action in state court for the purpose of evicting Debtor from an RV lot owned by Thousand Trails. Concurrently, Debtor proposed a chapter 13 plan, stating that she used her space in the RV park as a base for her business and that the premises were necessary for an effective reorganization.

The bankruptcy court granted Thousand Trails' request for relief on the basis that the state court would more effectively resolve the parties' state law claims against each other. In a subsequent hearing and after Debtor failed to satisfy certain requirements with respect to her schedules and chapter 13 plan, the court dismissed Debtor's case without prejudice. Given the dismissal of her case, the court also overruled as moot a pending objection Debtor filed to Thousand Trails' claim.

We AFFIRM.

## FACTS[2]

Prepetition, Debtor occupied a space in an RV park owned by Thousand Trails. The terms of Debtor's arrangement with Thousand Trails

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[2] We have taken judicial notice of the bankruptcy court docket and various documents filed through the electronic docketing system. *See O'Rourke v. Seaboard Sur.*

are unclear;[3] nevertheless, in June 2025, Thousand Trails served Debtor with a 30-day notice terminating her tenancy.

Thereafter, in July 2025, Thousand Trails filed an unlawful detainer action against Debtor in state court (the "UD Action"). The state court set a trial in the UD Action for November 2025.

In September 2025, Debtor filed a chapter 13 petition. Thousand Trails promptly filed a motion requesting relief from the automatic stay to proceed with the UD Action in state court (the "RFS Motion"). Debtor opposed the RFS Motion, arguing, among other things, that the premises were necessary for an effective reorganization because Debtor operated her businesses from the RV park.

On November 19, 2025, the bankruptcy court held a hearing on the RFS Motion. At the hearing, the bankruptcy court explained that there was cause to grant relief from the automatic stay because the state court was better suited to adjudicating the UD Action. In addition, because Debtor herself indicated that she had filed a state court complaint against Thousand Trails, the bankruptcy court noted that it would be more efficient to also allow Thousand Trails to proceed against Debtor in state

---

*Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] According to Debtor, her tenancy was initially tied to her employment with Thousand Trails. But neither Debtor nor Thousand Trails provided any evidence regarding the nature of their agreement, such as a lease or employment contract.

court. As a result, the bankruptcy court entered an order granting Thousand Trails relief from the automatic stay (the "RFS Order").

During the pendency of Debtor's case, Debtor also proposed a chapter 13 plan (the "Plan"). The chapter 13 trustee objected to the Plan on several grounds, including that: (i) Debtor failed to sign her schedules and statements; (ii) the Plan contained multiple inconsistencies; (iii) the Plan did not represent Debtor's best efforts to fund the Plan; and (iv) Debtor's schedules and statements contained many inaccuracies. Debtor did not file a response to these objections.

On December 9, 2025, the bankruptcy court held a hearing on confirmation of the Plan. At that time, based on the reasons set forth in the trustee's objection and Debtor's inability to confirm a plan, the court ruled that it would dismiss Debtor's case without prejudice. One day later, the court entered an order conforming to its ruling (the "Dismissal Order").

Prior to entry of the Dismissal Order, Debtor also filed an objection to Thousand Trails' claim (the "Objection to Claim"). After dismissing Debtor's case, the bankruptcy court entered an order overruling the Objection to Claim as moot (the "Mootness Order"). Debtor timely filed appeals of the RFS Order, the Dismissal Order, and the Mootness Order.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Did the bankruptcy court err in granting the RFS Motion?

2. Did the bankruptcy court err in dismissing Debtor's bankruptcy case?

3. Did the bankruptcy court err in overruling the Objection to Claim as moot?

## STANDARDS OF REVIEW

We review the bankruptcy court's order granting a motion for relief from stay for an abuse of discretion. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 868 (9th Cir. BAP 2012). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

"We review the bankruptcy court's dismissal of a chapter 13 bankruptcy case for abuse of discretion, regardless of whether the court dismisses under any of the enumerated paragraphs of Section 1307(c), or for bad faith." *Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 914 (9th Cir. BAP 2011) (citations omitted). "[W]hen a bankruptcy court makes factual findings of bad faith to support dismissal of a chapter 13 case, we review those findings for clear error. Under this standard, where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Id.* (citation modified).

5

In the claim objection context, we review the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000).

"We may affirm on any basis supported by the record." *Caviata Attached Homes, LLC v. U.S. Bank, Nat'l Ass'n (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012) (citation omitted).

## DISCUSSION

On appeal, Debtor raises a plethora of arguments regarding the propriety of the bankruptcy court's rulings. But our review herein is mainly limited to an inquiry into whether the bankruptcy court abused its discretion. As stated above, to succeed on her appeal, Debtor must articulate why the bankruptcy court's findings were illogical, implausible, or without support in the record. For the reasons discussed below, Debtor failed to satisfy that standard.

## A. The bankruptcy court did not err in granting the RFS Motion.

Section 362(d)(1) provides that a bankruptcy court "shall grant relief from the stay . . . for cause." The Ninth Circuit Court of Appeals has held that "cause" exists where the issues are more appropriately adjudicated in state court. *Christensen v. Tucson Ests., Inc. (In re Tucson Ests., Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990); *Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159, 163 (9th Cir. 1986).

A proceeding to determine if relief from stay is appropriate is a summary proceeding that "should not involve an adjudication of the

merits of claims, defenses, or counterclaims" but should "simply determine whether the creditor has a colorable claim to the property of the estate." *Biggs v. Stovin (In re Luz Int'l, LTD.)*, 219 B.R. 837, 842 (9th Cir. BAP 1998).

Here, the bankruptcy court concluded that "cause" existed to grant relief from stay because the state court would be better suited to adjudicate both parties' state law claims. Debtor has not articulated why the court's findings with respect to this conclusion were illogical, implausible, or lacked support. In fact, Debtor herself indicated she intends to litigate her state law claims against Thousand Trails in state court, such that granting the RFS Motion would promote judicial economy. As a result, the bankruptcy court properly exercised its discretion to grant the RFS Motion.

Debtor's arguments regarding the RFS Order are largely irrelevant to this analysis. For instance, Debtor's contentions regarding potential consolidation and the authenticity of signatures in certain documents would not impact a determination regarding cause to proceed in state court, and Debtor is free to raise any arguments regarding authenticity in connection with the UD Action.

The bankruptcy court also directly addressed Debtor's argument that the RV space was necessary for reorganization at the hearing on the RFS Motion, noting that Debtor had failed to demonstrate why she could not operate her business from a different location. The record supports the bankruptcy court's skepticism on this point because Debtor did not demonstrate that she derived income from the RV lot or that it would be

impossible to operate her business from a different location; at most, Debtor simply established that she conducted her business on the premises.

Based on the above, Debtor has not articulated an abuse of discretion with respect to the RFS Order.[4]

**B.    The bankruptcy court did not err in dismissing Debtor's bankruptcy case.**

Section 1307(c) allows courts to dismiss a bankruptcy case "for cause." *Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 339 (9th Cir. BAP 2015). The list set forth in § 1307(c) is nonexclusive, and courts may base dismissal of a case on grounds not explicitly listed in the statute. *Jimenez v. ARCPE 1, LLP (In re Jimenez)*, 613 B.R. 537, 543 (9th Cir. BAP 2020).

Here, the bankruptcy court concluded that Debtor's inability to confirm a plan, together with the numerous deficiencies in her schedules and statements, qualified as "cause" to dismiss her case. To benefit from a chapter 13 case, a chapter 13 debtor must comply with a range of obligations. *See In re Malek*, 591 B.R. 420, 429 (Bankr. N.D. Cal. 2018). "One of these unavoidable obligations is to confirm a chapter 13 plan as

---

[4] After the bankruptcy court entered the RFS Order, Debtor filed a motion for reconsideration and a motion for a stay of the RFS Order pending appeal. The bankruptcy court denied both motions.

With respect to the order denying reconsideration, the bankruptcy court concluded that it was divested of jurisdiction to reconsider the RFS Order. Debtor has not appealed the court's denial of the motion for reconsideration and has not raised any persuasive arguments with respect to the bankruptcy court's disposition of this motion.

As to the order denying Debtor's request for a stay pending appeal, this Panel has already considered and disposed of Debtor's arguments in support of a stay. *See* BAP Dkt. 14 (order denying Debtor's motion for stay pending appeal).

expeditiously as possible." *Id.* (aggregating cases). Given this background and Debtor's inability to either confirm a plan or establish that she would soon be able to confirm a plan, Debtor has not demonstrated that the bankruptcy court abused its discretion in finding "cause."

In her appellate briefs, Debtor asserts the Dismissal Order was error for the following reasons: (i) the defects in the Plan did not amount to bad faith; (ii) the court ignored evidence of Debtor's income; (iii) the court demonstrated improper bias against pro se debtors; (iv) the court should have considered less drastic alternatives to dismissal; and (v) the defects noted by the court were mostly "administrative."

These arguments lack merit. First, the court was not required to make a finding of bad faith to dismiss Debtor's case. Rather, the court needed only to find "cause," which, as discussed above, the court did. Second, the trustee's motion to dismiss did not depend on Debtor's income to establish "cause" for dismissing this case. Third, Debtor has not established that the court's ruling stemmed from any bias directed at Debtor. Instead, the record reflects that the court dismissed Debtor's case based on the reasons outlined above, namely, Debtor's inability to confirm a plan.

Fourth, courts are not required to consider less drastic alternatives to dismissal where cause exists to dismiss the case under § 1307(c); an analysis of less drastic measures is relevant where the court dismisses a case with prejudice or dismisses a case as a sanction. *See In re Weik*, 526 B.R. 829, 839-40 (Bankr. D. Mont. 2015) (discussing dismissal of a chapter 13

case as "drastic" where the dismissal is "with prejudice"); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (discussing dismissal of a complaint in the context of sanctions).

Here, the bankruptcy court did not dismiss Debtor's case with prejudice, and the dismissal of Debtor's case was not meant as a sanction. Rather, the court dismissed Debtor's case based on the existence of "cause," as required by the Code. As the bankruptcy court explained to Debtor, Debtor is free to file a new chapter 13 case.

Finally, with respect to Debtor's insistence that the defects in her schedules, statements, and chapter 13 plan were "administrative," the chapter 13 trustee highlighted numerous problems that, in the bankruptcy court's estimation, were indicative of Debtor's inability to confirm a chapter 13 plan. We detect no error in the bankruptcy court's reference to the serious deficiencies in Debtor's filings to conclude that Debtor would be unable to successfully prosecute a chapter 13 case.

As a result, the court did not abuse its discretion in dismissing Debtor's chapter 13 case.

## C. The bankruptcy court did not err in overruling the Objection to Claim as moot.

Debtor also contends that the bankruptcy court erred in overruling the Objection to Claim as moot. But Debtor misunderstands the effect of the court's order.

10

Creditors file proofs of claims for the purpose of receiving a distribution from the *estate*. Upon dismissal of a bankruptcy case, the estate is terminated, and property is revested to the debtor. § 349(b)(3). Thus, after the court dismissed Debtor's bankruptcy case, there was no longer an estate against which creditors could assert a claim, and consequently no reason for the bankruptcy court to assess the validity of creditors' claims for purposes of distribution from the bankruptcy estate.

The court did not rule on the merits of Debtor's Objection to Claim. As a result, if Debtor filed a new bankruptcy case, or the current bankruptcy case was reopened, Debtor could simply elect to refile the Objection to Claim.

In light of the above, the court correctly concluded that, upon dismissal of Debtor's case, the court was unable to grant "any effective relief in the event that it decide[d] the matter on the merits in [Debtor's] favor" and, as a result, the Objection to Claim was moot. *Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005) (citation modified).

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's RFS Order, Dismissal Order, and Mootness Order.